141 F.3d 1177
 1998 A.M.C. 1724
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George MAUGHAN, a Washington resident; Michael Snyder, a
Washington resident, Plaintiffs-Appellees,
v.
TRACEY ANNE, INC., a Washington corporation, Defendant-Appellant.
 No. 97-35031.
D.C. No. CV-95-00772-PKS.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted February 4, 1998.
Decided March 16, 1998.
 
 Appeal from the United States District Court for the Western District of Washington Philip K. Sweigert, Magistrate Judge, Presiding.
 Before BRUNETTI, RYMER, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Tracey Anne, Inc. appeals the trial court's judgment, following a partial summary judgment and a bench trial, awarding George Maughan and Michael Snyder seaman's wages pursuant to 46 U.S.C. § 11107, and a double damage penalty and attorney's fees under RCW 49.52.070 and 49.48.030. We have jurisdiction, 28 U.S.C. § 1291, and affirm in part and reverse and remand in part.
 
 
 3
 * Tracey Anne argues that the trial court's finding that the Friendship paid wages of 15 percent is clearly erroneous for the trips on which the Tracey Anne had three or more crew plus the skipper on board. Tracey Anne notes that the evidence was undisputed that the Friendship paid shares of only 10 percent when she had three or more crew plus the skipper on board.
 
 
 4
 The testimony of former Friendship deckhands revealed that the Friendship offered wages to deckhands between 10 percent and 15 percent depending on the person employed and the number of crew on the boat. However, Tracey Anne's captain conceded that an individual crewman's share is not necessarily reduced when crew size increases. Thus the trial court's determination that the highest rate of wages offered by the Friendship was 15 percent was not clearly erroneous.
 
 II
 
 5
 Tracey Anne next contends that the court clearly erred in awarding Maughan and Snyder 15 percent of gross, rather than net, revenues. As the evidence was undisputed that the Friendship deducted the costs of fuel, ice, unloading, and groceries in calculating crew shares, we agree. We reject the argument that the court can award 15 percent of gross, rather than net, revenues simply because that makes for an easier calculation. In determining the rate of wages offered by the Friendship, the court was obligated to consider the deductions that were taken by the Friendship. On remand, the trial court should determine Maughan and Snyder's crew shares once the appropriate deductions for fuel, ice, unloading, and groceries are taken.[1] Additionally, the court should determine whether the Friendship deducts fines when calculating net revenue.[2]
 
 III
 
 6
 Tracey Anne contends that the court erred in applying RCW 49.52.070 to award a double damages penalty against the Tracey Anne for willful withholding of wages.
 
 
 7
 RCW 49.52.070 provides for an award of twice the amount of wages unlawfully withheld if an employer willfully and with intent to deprive an employee of any part of his wages pays an employee lower wages than the employer is obligated to pay the employee. According to the Washington Supreme Court,
 
 
 8
 a non-payment of wages is willful when it is not a matter of mere carelessness but the result of knowing and intentional action. An employer does not willfully withhold wages under this statute where he has a bona fide belief that he is not obligated to pay them. Where the obligation to pay wages [is] fairly debatable double damages are not awardable under this statute.
 
 
 9
 Chelan County Deputy Sheriffs' Assoc. v. County of Chelan, 109 Wash.2d 282, 745 P.2d 1, 11 (Wash.1987); see also Brinson v. Linda Rose Joint Venture, 53 F.3d 1044, 1050 (9th Cir.1995).
 
 
 10
 Although the trial court found that the Tracey Anne willfully and with intent made deductions from the crews' wages, it erred by failing to consider whether there was a bona fide dispute as to the obligation of payment. Therefore, we reverse the double damages penalty against Tracey Anne and remand for the trial court to apply the correct legal standard. Chelan County Sheriffs' Assoc., 745 P.2d at 11.
 
 IV
 
 11
 Tracey Anne also contends that RCW 49.48.030 does not authorize the award of attorney's fees on an award under 46 U.S.C. § 11107 because that section constitutes a penalty against a ship owner for failure to comply with 46 U.S.C. § 10601 whereas RCW 49.48.030 provides for attorney's fees only when an employee is successful in recovering judgment for wages owed to him.
 
 
 12
 While § 11107 is a remedy for the violation of § 10601, it is also a "statutory wage rate" equal to the agreed wage or the highest wage at the point of hire, whichever is greater. Seattle-First National Bank v. Lady Lynne, 1995 A.M.C. 1748 (1995 WL 464536) at * 5 n. 10 (D.Alaska 1995), affirmed, Seattle First Nat'l Bank v. Conaway, 98 F.3d 1195 (9th Cir.1996). Thus, the award of attorney's fees is affirmed.
 
 
 13
 Each party shall bear its own costs.
 
 
 14
 AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Maughan and Snyder stipulated at trial that the figures provided by the Tracey Anne as to expenses for ice, groceries, and unloading charges were correct. Fuel expenses, however, remain to be determined
 
 
 [2]
 Maughan and Snyder's reliance on Bjornsson v. U.S. Dominator, Inc., 863 P.2d 235 (Alaska 1993), for the proposition that the trial court was not required to find what the appropriate deductions should have been if there had been a written contract that allowed all the deductions taken, is misplaced. In Bjornsson, the Alaska Supreme Court explained that in determining the terms of the parties' oral agreement, any term in dispute should not be considered as part of the original agreement. Id. at 240. This does not mean that the deductions taken by another vessel are irrelevant when determining the rate of wages paid by that vessel